IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| CLEMENT MICHAEL BUONO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:13cv851 (DJN) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Clement Michael Buono ("Plaintiff"), a licensed attorney proceeding *pro se*, first filed an application for disability insurance benefits ("DIB") under the Social Security Act ("Act") on February 21, 2007. The Commissioner denied this claim initially on May 18, 2007, and on reconsideration on July 25, 2007. Plaintiff then filed a request for a hearing on September 7, 2007. Due to processing delays, the Social Security Administration ("SSA") did not address Plaintiff's request until several years later. An administrative law judge ("ALJ") held a hearing on March 7, 2013, at which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. On April 24, 2013, the ALJ issued a decision denying Plaintiff's claim, because Plaintiff could still perform his past relevant work as either an intelligence analyst or an attorney. On October 15, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On December 20, 2013, Plaintiff mailed his Complaint to this Court, seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). The Clerk of Court received and filed

Plaintiff's Complaint on December 26, 2013. Thereafter, the parties consented to this Court's jurisdiction, and the case was reassigned to this Court. (ECF Nos. 8, 9, 13.)

Defendant now moves to dismiss Plaintiff's claim on the basis that Plaintiff untimely filed his Complaint. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 10), DENIES Plaintiff's Motion for Summary Judgment as moot (ECF No. 14), DENIES Plaintiff's Motion for Request to Extend Bar Date (ECF No. 17) and DISMISSES Plaintiff's Complaint (ECF No. 1) with prejudice.

## I. PROCEDURAL HISTORY

### A. Plaintiff's Application and Filings

On February 21, 2007, Plaintiff filed for DIB. (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss (Def.'s Mem.") (ECF No. 11), Decl. of Kathie Hartt ("Hartt Decl.") (ECF No. 11-1, Attach. 1 ("ALJ's Decision") at 4.)[1] The claim was denied initially on May 18, 2007, and on reconsideration on July 25, 2007. (ALJ's Decision at 4.) On September 7, 2007, Plaintiff filed a timely request for a hearing before an ALJ. (ALJ's Decision at 4.) Due to processing delays on SSA's part, Plaintiff's request for a hearing was not addressed until several years later when Plaintiff filed a new claim for benefits. (ALJ's Decision at 4.) Plaintiff withdrew his subsequent claim, and on March 7, 2013, an ALJ held a hearing on Plaintiff's initial application at which Plaintiff, represented by counsel, and a VE testified. (ALJ's Decision at 4.) On April 24, 2013,

---

[1]     Defendant attached to her Memorandum in Support of Defendant's Motion to Dismiss the Declaration of Kathie Hartt, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Attached to the Declaration in the same ECF Filing (ECF No. 11-1), Defendant has included the ALJ's Notice of Decision letter and the ALJ's full Decision, listed as "Attachment 1," and the Notice of Appeals Council Action, listed as "Attachment 2." Each attachment contains separate pagination. For ease of reference, the Court will refer to these documents separately with consecutive pagination as to each.

the ALJ issued a decision finding that Plaintiff was not disabled under the Act, because Plaintiff could perform past relevant work. (ALJ's Decision at 14-15.)

On October 15, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Def.'s Mem., Hartt Decl., Attach. 2 ("Appeals Council Notice") at 1.) The Appeals Council noted that if Plaintiff disagreed with its decision, Plaintiff could file a civil action in the United States District Court for review. (Appeals Council Notice at 2.) After detailing how Plaintiff could file a civil action, the Appeals Council continued by noting that Plaintiff had sixty days to file that civil action. (Appeals Council Notice at 2.) That time frame would commence upon Plaintiff receiving the Appeals Council Notice of Denial ("Notice"), and the Appeals Council would assume that Plaintiff received the Notice within five days of the decision, unless Plaintiff could demonstrate otherwise. (Appeals Council Notice at 2.) If Plaintiff was unable to file his civil action within sixty days, he could request an extension in writing from the Appeals Council. (Appeals Council Notice at 2.) On December 20, 2013, Plaintiff mailed a filing fee and Complaint to this Court, requesting review of the ALJ's decision. (Mem. in Supp. of Pl.'s Mot. for Summ. J. and in Opp. To Def.'s Mot. to Dismiss ("Pl.'s Mem.") (ECF No. 14), Exhibit 3, Postmarked Envelope.) On December 26, 2013, the Clerk of this Court received and marked as filed Plaintiff's Complaint. (Pl.'s Complaint (ECF No. 1).)

## II. ANALYSIS

Defendant argues that this Court should dismiss Plaintiff's Complaint, because Plaintiff filed this action more than sixty days after delivery of the Notice. (Def.'s Mem. at 3-5.) Further, Defendant contends that Plaintiff failed to demonstrate good cause to extend the sixty-day period. (Def.'s Mem. at 5-6.)

3

Plaintiff initially argued that he complied with the statutory deadline, because he allegedly did not receive the notice of unfavorable decision until October 23, 2013, and because he mailed his Complaint with the filing fee on December 20, 2013. (Pl.'s Mem. at 4.) Plaintiff argues that under the mailbox rule, his Complaint should be considered filed as of the date of mailing, December 20, 2013. (Pl.'s Mem. at 4-5.) Defendant responds that the mailbox rule does not apply to the filing of Plaintiff's Complaint. (Def.'s Reply in Supp. of her Mot. to Dismiss ("Def.'s Reply") (ECF No. 15) at 1-2.)

In the alternative, Plaintiff argues that this Court should equitably toll the deadline and retroactively extend the statutory filing deadline on the basis of excusable neglect. (Pl.'s Mot. for Request to Extend Bar Date ("Pl.'s Mot. to Extend") (ECF No. 17) at 1-2; Pl.'s Reply in Supp. of his Mot. for Summ. J. in Opp. To Def.'s Mot. to Dismiss (ECF No. 18) at 2-9.) Defendant responds that no extraordinary circumstances exist to justify equitable tolling. (Def.'s Opp to Pl.'s Mot. to Extend Bar Date (ECF No. 19) at 1-3.)

Finally, Plaintiff argues that substantial evidence supports his claims of disability and that the ALJ erred in reaching his decision to deny Plaintiff benefits. (Pl.'s Mem. at 6-16.) Defendant responds by arguing that summary judgment on the merits of Plaintiff's disability claim is premature. (Def.'s Opp. To Pl.'s Mot. for Summ. J. (ECF No. 16) at 1-2.)

A. Plaintiff's Complaint was filed on December 26, 2013

Plaintiff argues that under the mailbox rule, his Complaint should be considered filed as of the date of mailing, December 20, 2013. (Pl.'s Mem. at 4-5.) Defendant responds that the mailbox rule does not apply to the filing of Plaintiff's Complaint. (Def.'s Reply at 1-2.)

Although Plaintiff's Complaint was not received and filed by the Clerk's Office until December 26, 2014, Plaintiff maintains that the mailbox rule should apply to his filing of the

Complaint. Therefore, Plaintiff argues that the Court should consider his Complaint filed as of the date of its mailing, December 20, 2013, rather than the date that it was actually received in the Clerk's Office, December 26, 2013. In support of his argument, Plaintiff cites to cases that lack relevance to the present action — cases that primarily involve prosecution for mail fraud and an evidentiary assumption that a letter placed in the United States mail service had been delivered. *See Rosenthal v. Walker*, 111 U.S. 185 (1884) (dispute over whether letters tending to demonstrate fraud in a bankruptcy proceeding were received); *Hagner v. United States*, 285 U.S. 427 (1932) (finding in a prosecution for mail fraud that a letter mailed would be considered received).

In the context of litigation, the mailbox rule holds that courts should consider a *pro se* incarcerated litigant's papers filed when the litigant delivers them to prison authorities for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270-71 (1998). Courts have reserved this "filed when mailed" rule for *pro se* incarcerated litigants, because they are unable either to travel to the courthouse to witness the filing of a paper or to track the progress of a mailing through the postal service. *Id.* Both this Court and the Fourth Circuit have recognized that this rule does not apply to individuals who are not prisoners. "The date to be used for filing of a Complaint is the date the Complaint is actually received in the Clerk's Office. Plaintiff is not a prisoner such that [he] would be entitled to the 'mailbox rule' for filing established in *Houston v. Lack*." *Hawkins v. Arc-Tech, Inc.*, 2011 WL 9378996, at *1 (E.D. Va. 2011). Instead, "the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

5

As Plaintiff is unincarcerated, the mailbox rule does not apply to his filing. Therefore, Plaintiff ultimately filed his Complaint on December 26, 2013, the date on which the Clerk's Office actually received it and marked it as filed.

B.  Plaintiff did not timely file this action within the required sixty-day period.

Congress has prescribed the procedure for judicial review in this Court of a denial of benefits under the Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).[2] Thus, a plaintiff has a sixty-day time period after the final decision of the Commissioner or "such further time as the Commissioner . . . may allow" to file his action with this Court. This sixty-day time period, promulgated by Congress, "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

Social Security Regulations mirror the language of 42 U.S.C. § 405(g), stating that civil actions "must be instituted with 60 days after the Appeals Council's Notice of Denial . . . is received by the [claimant]." 20 C.F.R. § 422.210(c). Moreover, the regulations establish a presumption that the claimant received the notice of denial "5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* Likewise, the notice of denial informed Plaintiff that the Appeals Council would assume Plaintiff received the Notice within

---

[2]     For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

five days unless Plaintiff demonstrated to the Appeals Council that he "did not receive it within the 5-day period." (Appeals Council Notice at 2.)

In this case, the Appeals Council rendered its decision on October 15, 2013. (Appeals Council Notice at 1.) Unless contradicted by Plaintiff, the Appeals Council considered Plaintiff to have received the Notice five days later. (Appeals Council Notice at 2.) As such, in the absence of evidence to the contrary, for the purposes of calculating the sixty-day deadline, Plaintiff received the Appeals Council Notice on October 20, 2013. Therefore, the statutory deadline for filing an appeal with this Court was December 19, 2013.[3]

Plaintiff initially argued that he did not receive the Notice until October 23, 2013, through a letter from the attorney who represented him during the administrative proceedings. (Pl.'s Mem. at 4.) In a subsequent pleading, however, Plaintiff asserted that he "most likely" received the Notice on October 24, 2013. (Pl.'s Mot. to Extend at 1.) Therefore, based on a delivery date of October 24, 2013, Plaintiff argues that December 23, 2013, was the deadline for filing. (Pl.'s Mot. to Extend at 1).

In support of his assertion that he did not receive the Notice until October 23 or October 24, 2014, at the latest, Plaintiff provides a letter from the attorney who represented Plaintiff during the administrative proceedings. (Pl.'s Mem., Exhibit 1.) The letter, dated October 21, 2013, informed Plaintiff of the Appeals Council Notice of Denial. (Pl.'s Mem., Exhibit 1.) The

---

[3]     On December 13, 2013, Susan A. Hogan, a District Manager for the SSA, responded to an inquiry made by a Congressman on behalf of Plaintiff. (Pl.'s Mem., Exhibit 4.) Ms. Hogan indicated that the Appeals Council denied Plaintiff's claim on October 15, 2013, and that he had a total of sixty-five days to file an appeal with the District Court. (Pl.'s Mem., Exhibit 4.) Ms. Hogan, however, erroneously indicated that the sixty-five day period resulted in a final deadline of December 20, 2013. (Pl.'s Mem., Exhibit 4.) Using both the sixty-day statutory period and the additional five-day mailing period assumed by the SSA, the actual deadline for filing an appeal in this Court was December 19, 2013. However, even if the Court used Ms. Hogan's calculation, Plaintiff's filing would still be late by six days.

Appeals Council, however, also mailed the Notice directly to Plaintiff at his own address. (Hartt Decl. ¶ 3(a).) Plaintiff never notified the Appeals Council that he received the Notice later than five days from its mailing, by October 20, 2013. (Hartt Decl. ¶ 3(b).) Plaintiff, therefore, did not make any reasonable showing to the Appeals Council that he received the Notice beyond the five-day period, on either October 23 or October 24.

As discussed above, in the absence of a reasonable showing that Plaintiff did not receive the Notice within five days, the statutory deadline for filing an appeal with this Court was December 19, 2013. Even granting Plaintiff some leniency and assuming that he did not in fact receive the Notice until October 24, 2013, as he has most recently alleged, Plaintiff still did not file by the end of the statutory sixty-day deadline. Assuming Plaintiff received notice on October 24, 2013, he would have needed to file by December 23, 2013, a fact that Plaintiff recognizes in his own motion papers. (Pl.'s Mot. to Extend at 1.) However, as set forth above, Plaintiff filed his Complaint on December 26, 2013, after the expiration of the sixty-day deadline by any calculation offered by Plaintiff. In short, granting Plaintiff the most possible leniency, Plaintiff must have filed his Complaint between December 19 and December 23, 2013, for it to be timely under 42 U.S.C. 405(g). Because, under either starting date, Plaintiff did not commence his action within the sixty-day deadline, he did not timely file his Complaint.

C. Equitable tolling does not apply.

Plaintiff argues that this Court should equitably toll the statutory deadline and consider his Complaint timely filed as of December 26, 2013. (Pl.'s Mot. to Extend at 1-2) Defendant responds that no extraordinary circumstances exist to justify equitable tolling. (Def.'s Opp to Pl.'s Mot. to Extend Bar Date at 1-3.)

While Plaintiff generally must comply with the sixty-day deadline for commencement, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by Plaintiff. 20 C.F.R. § 422.210(c); *see also Bowen*, 476 U.S. at 480 ("Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases."). While courts may also toll the sixty-day limit, the Supreme Court has cautioned that they should do so only in cases "where the equities in favor of tolling the limitations period are "'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976)). Further, courts should not equitably toll a limitations period for "a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (rejecting an argument that the limitations period should have begun when plaintiff first personally received notice, because plaintiff's lawyer was absent from the office when the notice arrived). The Supreme Court has set a standard that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96).

In this case, Plaintiff did not request an extension of the sixty-day deadline from the SSA, as allowed by the Commissioner's regulations. *See* 20 C.F.R. § 422.210(c); (Hartt Decl. ¶ 3(b).) Instead, Plaintiff requests that this Court retroactively toll the sixty-day deadline. (Pl.'s Mot. to Extend at 1-2.) The Court, therefore, must consider whether the equities are in favor of tolling by determining whether Plaintiff has diligently pursued his rights and been delayed by extraordinary circumstances. *See Pace*, 544 U.S. at 418.

This Court recognizes that Plaintiff has pursued this claim for many years through the administrative system, enduring delays and the need for expedited hearings. (Pl.'s Reply to Def.'s Opp. To Extend Bar Date ("Pl.'s Reply") (ECF No. 20) at 5.) However, Plaintiff fails to demonstrate that he diligently pursued his right to appeal the final decision of the Commissioner to this Court. Plaintiff did not seek an extension of time to file from the SSA, despite his allegations that he received the Notice more than five days after the Appeals Council's decision. (Hartt Decl. ¶ 3(b); Pl.'s Mem. at 4.)

As to extraordinary circumstances, Plaintiff argues that this Court was lightly staffed on December 23, 2013, causing the Clerk's Office a delay in receiving and filing his Complaint.[4] (Pl.'s Reply at 5-6; Pl.'s Pl.'s Mem. at 4.) Moreover, Plaintiff's filings suggest that he believed the Court may be more lightly staffed during the holiday season. (Pl.'s Mem. at 4; Pl.'s Reply at 5-6.) Plaintiff, therefore, should have been aware that he risked missing his filing deadline by delaying until Friday, December 20, 2013, to mail a Complaint that he believed required filing by Monday, December 23, 2013. Especially considering that Plaintiff has presented no evidence that the Clerk's Office actually received his Complaint on December 23, 2013, but simply failed to act on it, this Court cannot find that extraordinary circumstances prohibited Plaintiff from timely filing his Complaint.[5]

With knowledge of the looming deadline and a belief that the Courthouse would be lightly staffed, Plaintiff could have personally delivered his Complaint to see that it was timely

---

[4]     Strictly complying with the deadlines established by the SSA, the final deadline for Plaintiff to file his Complaint was December 19, 2013. Plaintiff apparently failed to inform the SSA that he did not receive his notice within the five-day mailing period and never requested an extension of the deadline from the SSA. (Hartt Decl. ¶ 3(b).) However, viewing the facts and allegations in a light most favorable to Plaintiff, the Court will perform the equitable tolling analysis recognizing, without holding, that December 23, 2013, was the final deadline.

[5]     The Court notes that the Clerk's office was fully functional on December 23, 2013.

filed. *Cf. Houston*, 487 U.S. at 270-71 (holding that the mailbox rule applies to incarcerated petitioners, because they are unable to personally assure that their documents are filed on time). Rather, Plaintiff chose to delay until one business day before the date he believed to be the filing deadline and entrust timely delivery of his Complaint to the mail. And it bears repeating that "the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period." *Thompson*, 76 F.3d at 534. Neither Plaintiff's delay in mailing nor his allegation of "light staffing" rises to the level of an extraordinary circumstance that would justify equitable tolling.

Because Plaintiff did not timely file his Complaint and failed to demonstrate an extraordinary circumstance that would justify equitable tolling, this Court dismisses his Complaint.[6]

## III. CONCLUSION

Based on the foregoing analysis, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 10), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 14) as moot, DENIES Plaintiff's Motion for Request to Extend Bar Date (ECF No. 17) and DISMISSES Plaintiff's Complaint (ECF No. 1) with prejudice.

Let the Clerk file this Opinion electronically, send a copy to Plaintiff at his address of record and notify all counsel accordingly.

An appropriate Order shall issue.

_____/s/_____
David J. Novak
United States Magistrate Judge

Date: July 28, 2014
Richmond, Virginia

---

[6]     Because the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's Complaint, the Court accordingly denies Plaintiff's Motion for Summary Judgment as moot.